```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DARREN DIONE AQUINO,

                Plaintiff,
                                        MEMORANDUM & ORDER
      -against-                         14-CV-5446(JS)(GRB)

THE STATE OF NEW YORK; GOVERNOR
ANDREW CUOMO in his official
capacity; NEW YORK STATE BOARD
OF ELECTIONS; NASSAU COUNTY BOARD
OF ELECTIONS; DEMOCRATIC PARTY;
REPUBLICAN PARTY; INDEPENDENCE
PARTY; JOHN DOE; JANE DOE;
COLUMBUS CITIZEN'S FOUNDATION;
ALFRED CATALETANO, in his official
capacity as parade chairman; DAVID
KRELL, in his official capacity as
parade organizer; and PRESIDENT OF
THE COLUMBUS CITIZEN'S FOUNDATION
ANGELO (last name unknown), in his
official capacity,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:       Darren Dione Aquino, pro se
                     574 Junard Blvd.
                     West Hempstead, NY 11552

For Defendants:      No appearances
```

SEYBERT, District Judge:

On September 17, 2014, pro se plaintiff Darren Dione Aquino ("Plaintiff") filed a Complaint in this Court pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and the Rehabilitation Act of 1973, § 504, 29 U.S.C. § 794, against the State of New York, Governor Andrew Cuomo in his official capacity ("Governor Cuomo"), the New York State Board of Elections, the Democratic Party, the Republican Party, the

Independence Party, John Doe, and Jane Doe, accompanied by an application to proceed in forma pauperis. On October 9, 2014, Plaintiff filed a motion to "Supplement the Complaint to Add a Party" ("Suppl."). (See Docket Entry 8.) There, Plaintiff names the Columbus Citizen's Foundation ("the Foundation"); Alfred Cataletano ("Cataletano"), in his official capacity as parade chairman; David Krell ("Krell"), in his official capacity as parade organizer; and "Angelo (last name not known)" described as the President of the Columbus Citizen's Foundation, in his official capacity ("President Angelo") as additional defendants in this action. (See Suppl. at 3-7.) Given Plaintiff's pro se status, the Court GRANTS Plaintiff's October 9, 2014 Motion to Supplement the Complaint to Add a Party and construes these filings together as the operative Complaint.[1]

Upon review of the declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is

---

[1] The Clerk of the Court is directed to amend the caption and add Columbus Citizen's Foundation; Alfred Cataletano, in his official capacity as parade chairman; David Krell, in his official capacity as parade organizer; and President of the Columbus Citizen's Foundation Angelo (last name unknown), in his official capacity, as defendants in this action.

sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as against the State of New York, Governor Cuomo, the New York State Board of Elections, the Republican Party, the Independence Party, the Foundation, Cataletano, Krell, President Angelo, John Doe, and Jane Doe.

## BACKGROUND[2]

Plaintiff's Complaint seeks to recover monetary damages and injunctive relief for the alleged violation of the ADA by the Defendants. According to the Complaint, Plaintiff has "processing dyslexia, which totally impedes [his] ability to complete forms, write and process thoughts and ideas in an organized manner." (Compl. at 2.) As a result, Plaintiff alleges that he requires "the assistance of devices to help record my thoughts in an orderly fashion" as well as "note takers and transcribers to document subject matter, briefs, statements, letters, and basically all forms of the written word. (Compl. at 2.) Plaintiff also claims to suffer from poliomyelitis, scoliosis, asthma, angina, osteoarthritis, a partially occluded coronary artery, a club foot and a deformed knee. (Compl. at 2.)

Plaintiff alleges that he decided to run for Congress in the Fourth Congressional District on the "American[s] for Veterans" line in January 2014 and, accordingly, sought to acquire "correct

---

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

and accurate" information from the Nassau County Board of Elections and the New York State Board of Election. (Compl. at 2.) According to Plaintiff, he was directed to the New York State Board of Elections website by a representative of the Nassau County Board of Elections. Plaintiff claims that he explained to the representative that he required an accommodation because of his disability, dyslexia, since he was unable to "[f]ully access/read the website." (Compl. at 2.) Plaintiff claims that although the representative at the Nassau County Board of Elections offered to read the instructions to him and suggested that Plaintiff "get someone to assist [him]," she did so "in a very demeaning manner, in front of all present." (Compl. at 3.)

According to Plaintiff, he realized that he "had very little time left to get on the ballot and that [he] needed assistance" since he was unable to get assistance and/or clarification from the Nassau County Board of Election. At that time, Plaintiff was approached by the ex-Mayor of Freeport, Andrew Hardwick ("Hardwick"), who offered with his wife Cherie Hardwick, to assist Plaintiff "get [him] on the ballot" by engaging canvassers to collect signatures in support of Plaintiff's candidacy. (Compl. at 4.) Plaintiff claims that although he paid Hardwick $3,500, few signatures were collected. (Compl. at 4.) Plaintiff alleges that he did not receive the nominating petitions until the day before the August 4, 2014 deadline and the petitions

4

were not signed by the canvassers nor had they been notarized. (Compl. at 5.) Plaintiff alleges that Hardwick intentionally sabotaged his candidacy because he is a Democrat and "his actions were a ploy to keep me from the ballot by the Democratic [P]arty." (Compl. at 5.) Plaintiff also claims that he was assaulted by someone he believes to be affiliated with the Democratic Party while Plaintiff was hanging campaign signs against another candidate, Kathleen Rice. (Compl. at 5.)

Plaintiff claims to have filed his petitions on August 5, 2014, the day after the deadline. (Compl. at 5.) Unbeknownst to Plaintiff at the time, a general objection to his submission was filed by Nancy R. Giovanelli, and Plaintiff claims that the Nassau County Board of Elections unlawfully failed to timely alert Plaintiff of the objection. (Compl. at 5.) Plaintiff further claims that, to date, he has not been "provided with any legitimate reason" why his nominating petitions did not comply with the requirements of the Election Law. (Compl. at 6.) Though Plaintiff acknowledges that he did not meet the requirements of the Election Law concerning the nominating petitions, he claims that because "the process was not clearly explained" to him he should not be disqualified from the process. (Compl. at 6.)

Accordingly, Plaintiff claims that he did not receive proper accommodation for his disability from the Nassau County Board of Elections in violation of the ADA and seeks, inter alia,

5

an order reinstating Plaintiff to the Americans for Veterans Line on the ballot for the 2014 General Election.[3] (Compl. at 8.) Plaintiff also seeks to recover a monetary damages award in total sum of $124,900 comprised of the following: (1) $50,000 from the Democratic Party for assaulting Plaintiff; (2) $53,000 from the Nassau County Board of Election for discrimination and public humiliation; (3) $3,900 from the Democratic Party for reimbursement of money Plaintiff paid to Hardwick; and (4) $18,000 from the Nassau County Board of Elections as reimbursement for Plaintiff's campaign expenses. (Compl. at 8.)

As noted above, Plaintiff filed a Supplement to his Complaint on October 9, 2014 against the Foundation, Cataletano, Krell, and President Angelo. There, Plaintiff alleges that although he had been invited by Cataletano in September 2014 to march in the Columbus Day Parade scheduled to take place on October 13, 2014, he was notified on October 2, 2014 that he "would not be able to march . . . ." (Suppl. at 3.) Plaintiff has annexed to the Supplement a copy of his "Marching Group Application" dated

---

[3] Plaintiff also moved by Order to Show Cause for a Temporary Restraining Order, inter alia, reinstating Plaintiff as a Congressional candidate in the Fourth District on the ballot for the 2014 general election. (See Docket Entry 3.) That application was DENIED by Electronic Order dated September 18, 2014. On October 9, 2014, Plaintiff moved for reconsideration of the September 18, 2014 Order and the Court scheduled an ex parte hearing on Plaintiff's motion. On October 24, 2014, following argument from Plaintiff, his motion for reconsideration was DENIED for the reasons set forth on the record. (See Minute Order, Docket Entry 12.)

6

September 27, 2014 which indicated that the "Application must be submitted by September 22nd, 2014!" (emphasis in original) (Suppl. at 8-10.)

Plaintiff alleges that, in anticipation of marching in the parade, he had banners and t-shirts printed for the march. (Suppl. at 4.) Plaintiff further alleges that he had asked Cataletano at the time Plaintiff was invited to march if Plaintiff could, at his own expense, rent golf carts for himself and his group to use during the parade since Plaintiff is disabled and has difficulty ambulating. (Suppl. at 4.) Plaintiff alleges that Cataletano denied Plaintiff's request. (Suppl. at 4.)

Accordingly to Plaintiff, "[e]very year, during each Columbus Day parade march, golf carts are customarily used since parade captains and line and march organizers must cover an expansive area, while working the parade." (Suppl. at 4.) Plaintiff also claims to have used a golf cart while assisting in the parade as a parade captain for the last two years. (Suppl. at 4.) Thus, Plaintiff surmises that his exclusion from the parade is because his "is a disabled Italian American, running as an Independent Congressional candidate for District 4." (Suppl. at 4.) Indeed, Plaintiff alleges that he "has to assume that his dismissal from the parade after having been assured that he would march is a discriminatory act toward a disabled individual." (Suppl. at 4.) Further, Plaintiff claims that his exclusion from

the parade deprives him of media exposure that other candidates will receive and suggests that his exclusion might be "a Democratic or Republican coup to keep [Plaintiff] from marching" as "an act of retaliation" because "he blogged and disseminated [ ] information about the march. (Suppl. at 7.) For relief, Plaintiff seeks only to be restored "to the [C]ongressional ballot as an Independent candidate . . . ." (Suppl. at 7.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537

F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Sufficiency of the Complaint

   A. Rule 8 of the Federal Rules of Civil Procedure

   Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against it. See FED. R. CIV. P. 8; Iqbal, 556 U.S. at 678. The purpose of

9

Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Powell v. Marine Midland Bank, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (internal quotation marks and citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (internal quotation marks and citations omitted). "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

Under the now well-established Iqbal/Twombly standard, a complaint satisfies Rule 8 only if it contains enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. This "plausibility standard" is governed by "[t]wo working principles." Iqbal, 556 U.S. at 670, 678; accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a

10

cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 (a pleading that offers "labels and conclusion" or "naked assertion[s]" devoid of "further factual enhancement" does not satisfy Rule 8). Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Here, Plaintiff's allegations do not satisfy Rule 8 with regard to the following Defendants: the State of New York, Governor Cuomo, the New York State Board of Elections, the Republican Party, the Independence Party, President Angelo, John Doe, and Jane Doe. Though these Defendants are named in the caption of his Complaint, Plaintiff does not attribute any unlawful conduct to any of these Defendants nor does he seek any relief from any of them. Thus, as is readily apparent, Plaintiff has not alleged a plausible claim against any of these Defendants in accordance with the requirements of Rule 8. Therefore the Complaint fails to state a cause of action upon which relief can be granted against the State of New York, Governor Cuomo, the New York State Board of Elections, the Republican Party, the Independence Party, President Angelo, John Doe, and Jane Doe.

Moreover, Plaintiff's ADA claims against the Foundation, Cataletano, Krell, and President Angelo fail because the only relief sought against them is for Plaintiff to be restored "to the [C]ongressional ballot as an Independent candidate . . . ." (Suppl. at 7.) Given that the relief sought against these Defendants is not within their purview, nor available under the ADA, Plaintiff has not alleged a plausible claim against them. And, since the 2014 General Election has passed, such relief is now moot. Accordingly, Plaintiff's claims against the State of New York, Governor Cuomo, the New York State Board of Elections, the Republican Party, the Independence Party, the Foundation, President Angelo, Cataletano, Krell, John Doe, and Jane Doe are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

B.  Claims Against The Nassau County Board of Elections and the Democratic Party

Though thin, given Plaintiff's pro se status, the Court declines to sua sponte dismiss Plaintiff's Complaint as against the Nassau County Board of Elections and the Democratic Party at this early stage in the proceedings. Accordingly, the Court ORDERS service of the Summonses and Complaint upon the Nassau County Board of Elections and the Democratic Party by the United States Marshal Service ("USMS"). However, Plaintiff has not provided addresses for either of these Defendants and the USMS will not be able to serve them without this information. **Accordingly, the Plaintiff is DIRECTED to provide the Court, in writing, within two (2) weeks**

**from the date of this Memorandum & Order an address for each of the remaining Defendants, namely the Nassau County Board of Elections and the Democratic Party, where each such Defendant may be served by the USMS.** Once Plaintiff provides this information to the Court, the Clerk of the Court shall forward it to the USMS together with copies of the Summonses and Complaint, and the USMS shall serve these Defendants. **Plaintiff is cautioned that his failure to timely comply with this directive may lead to the dismissal of his Complaint without prejudice for failure to prosecute.**

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 8 as against the State of New York, Governor Cuomo, the New York State Board of Elections, the Republican Party, the Independence Party, the Foundation, Cataletano, Krell, President Angelo, John Doe, and Jane Doe.

Plaintiff's Complaint as against the Nassau County Board of Elections and the Democratic Party shall proceed and Plaintiff is DIRECTED to provide the Court, in writing, within two (2) weeks from the date of this Memorandum & Order an address for each of the remaining Defendants, namely the Nassau County Board of Elections and the Democratic Party, where each such Defendant may be served by the USMS. Once Plaintiff provides this information to the

13

Court, the Clerk of the Court shall forward it to the USMS together with copies of the Summonses and Complaint, and the USMS shall serve these Defendants.  Plaintiff is cautioned that his failure to timely comply with this directive may lead to the dismissal of his Complaint without prejudice for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

Plaintiff's Motion to Supplement the Complaint to Add a Party (Docket Entry 8) is GRANTED and the Clerk of the Court is DIRECTED to add the parties as outlined on page 2 of this Memorandum & Order and to mail a copy of this Memorandum and Order to the pro se Plaintiff.

                                          SO ORDERED.

                                          /S/JOANNA SEYBERT
                                          Joanna Seybert, U.S.D.J.

Dated:      February   12  , 2015
              Central Islip, New York